IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DENNIS ROCKWELL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:19-cv-388-JDK-KNM |
| UNKNOWN WARDEN, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dennis Rockwell, proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Plaintiff complains of deliberate indifference to his serious medical needs and tampering with his legal mail. In response to Plaintiff's complaints, Judge Mitchell ordered prison officials to furnish a *Martinez* Report to assist the court in determining whether Plaintiff's claims have merit. *Norton v. Dimazana*, 122 F.3d 286, 292–93 (5th Cir. 1997). The *Martinez* Report included documents showing that Plaintiff had received a substantial amount of medical treatment and indicated that a mental health counselor and a nurse practitioner determined on separate occasions that Plaintiff was malingering or faking his symptoms. *See* Docket No. 59 at 3–6. On March 30, 2021, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this case with prejudice for purposes of proceeding *in forma*

*pauperis* as frivolous and for failure to state a claim upon which relief may be granted. Docket No. 59. Plaintiff filed objections. Docket No. 61.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff states that he tried to file Step Two grievances, but never received a response. Docket No. 61 at 1. Plaintiff contends that he was never evaluated or treated for his medical conditions at the Bradshaw Unit. *Id.* He further argues that he could not specifically name individuals in the mailrooms because "they turned their badges around backwards or had none on at all." *Id.* at 1–2. Finally, Plaintiff asserts that he has witness statements signed by 35 other inmates regarding the denial of medical care, however, he fails to suggest that these other inmates had personal knowledge of the medical treatment provided to Plaintiff. *Id.* at 1.

Plaintiff's medical records show that he was seen and evaluated by medical personnel at the Bradshaw Unit on multiple occasions. *See, e.g.*, Docket No. 43-1 at 43, 81, 83, 93, 94, 152, 158. His dissatisfaction with the care he received is not tantamount to deliberate indifference. *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019); *see also Domino v. TDCJ-ID*, 239 F.3d 752, 756 (5th Cir. 2001). Further,

2

Plaintiff's objections fail to address the Report's determination that he did not state a claim concerning his legal mail because he did not allege any harm. *Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993). Accordingly, Plaintiff's objections are without merit.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 59) as the opinion of the District Court. Plaintiff's claims are **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted.

So **ORDERED** and **SIGNED** this **22nd** day of **April, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE